E-FILED
Wednesday, 27 July, 2022 11:44:55 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JESSE JAMES, JR.,                )
                                 )
Plaintiff,                       )
                                 )
v.                               )        21-CV-1135
                                 )
JACKSON, et al.,                 )
                                 )
Defendants.                      )

**ORDER**

**KAREN L. MCNAUGHT, U.S. MAGISTRATE JUDGE.**

Plaintiff proceeds pro se from his incarceration in Pontiac
Correctional Center on Eighth Amendment claims of deliberate
indifference to his serious medical needs.  Plaintiff alleges that he
has suffered for an extended period from extreme pain in his lower
side, lower abdomen, lower back, liver area, right lung, gall bladder
area, and right arm.  Plaintiff alleges that these problems may be
caused by an alleged lack of treatment for Hepatitis A, B, and C.
[5/20/21 Merit Review Order.]

Discovery closed on February 21, 2022.  The dispositive
motion deadline has been stayed pending a ruling on Defendants'
motions for summary judgment on exhaustion.

## Exhaustion of Administrative Remedies

Defendants assert that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a). Defendants address six grievances filed by Plaintiff, but the only grievances necessary to discuss are the grievances filed in July 2020.

Plaintiff filed a grievance dated July 3, 2020 about the denial of medical care. He asserted that medical staff refused to give Plaintiff a diagnosis for Plaintiff's "constant chronic severe pain in lung area" on Plaintiff's right side. [d/e 87-2 p. 8-9.] This grievance was stamped with the number 86711. Plaintiff marked the grievance as an emergency, but emergency status was denied. Plaintiff then submitted the grievance to the counselor, who noted that the grievance must be forwarded to the grievance officer because the subject of the grievance was medical treatment. The grievance was received by the grievance office on August 3, 2020. [Medical Defs.' Undisp. Fact 20.] Defendants do not dispute that Plaintiff waited more than eight months for a response from the grievance officer until filing this lawsuit on April 30, 2021.

In addition to his grievance dated July 3, 2020, Plaintiff filed a grievance dated July 20, 2020 about a lack of medical treatment. This grievance was stamped with the number 087053.  [d/e 87-2 p. 7.]  Plaintiff claimed in this grievance that he had been suffering from constant, chronic pain in his lower back, upper and lower abdominal areas, lung area and upper back on his right side.  He claimed that his health had deteriorated to the point that he could not negotiate stairs without assistance.  Like Plaintiff's July 3, 2020 grievance, this grievance was denied emergency status, and Plaintiff's counselor directed Plaintiff to send the grievance directly to the grievance officer.  The grievance office received this grievance on September 3, 2020.  Defendants do not dispute that this grievance, like Plaintiff's July 3 grievance, was still pending at the grievance officer level when Plaintiff filed this action on April 30, 2021.

Failure to respond to a grievance renders the grievance process unavailable, which excuses the exhaustion requirement. Turley v. Rednour, 729 F.3d 645 n. 3 (7th Cir. 2013)(collecting cases)("[W]hen the prisoner follows procedure but receives no response due to error by the prison, this court has found that the

prisoner exhausted his administrative remedies."); <u>Brengettcy v. Horton</u>, 423 F.3d 674 (7th Cir. 2005)(administrative remedies unavailable where no response was given within time frame recommended by regulations; no notice was given about delay; no explanation given to Plaintiff about what he was supposed to do).

20 Ill. Admin. Code 504.830(e) provides "[t]he Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the written grievance, when reasonably feasible under the circumstances."  Defendants do not assert that this deadline was unreasonable or explain why no response at all was given.  Defendants bear the burden of demonstrating that Plaintiff had administrative remedies available to him, which includes explaining this delay.  <u>Turley v. Rednour</u>, 729 F.3d 645, 650 (7th Cir. 2013)("Exhaustion is an affirmative defense, with the burden of proof on the defendants.")

Defendants argue that the lack of response to these two grievances should be considered in totality with the many grievances to which Plaintiff did receive timely responses.  In the context of Plaintiff's many grievances, they posit, the failure to

respond to just two of the grievances did not render the grievance process unavailable.

The problem with that argument is that the other grievances to which Plaintiff did receive a response before filing this action were on issues other than the medical treatment at issue in this case.  Defendants do not explain what Plaintiff was supposed to do after both of his July grievances about medical treatment became stuck at the grievance officer level.  *Compare* with <u>Lewis v. Washington</u>, 300 F.3d 829, 833 (7th Cir. 2002)(lack of response to other grievances did not relieve inmate of requirement to appeal the grievance to which he did receive a response).  Defendants also maintain that there is no imminent danger exception to the exhaustion requirement, but the circumstances here do not present that issue.  Plaintiff did not act hastily—he waited more than eight months for a response before filing this lawsuit.

## Motion for Leave to File Amended Complaint

On May 2, 2022, Plaintiff filed a motion for leave to file an amended complaint.  Plaintiff seeks to add a new Defendant, Nurse Practitioner Cheryl Hansen.  Plaintiff maintains that he learned from Wexford's counsel during Plaintiff's deposition in January

2022 that a named Defendant, Marissa Hansen, is different from Cheryl Hansen, the Nurse Practitioner whom Plaintiff intended to sue.

Leave to amend should be freely given when justice requires, but leave may be denied for unjustified delay or prejudice to the opposing party. Fed. R. Civ. P. 15(a)(2); <u>Gonzalez-Koeneke v. West</u>, 791 F.3d 801, 807 (7th Cir. 2015)(listing possible reasons for denial of amendment, including undue delay and prejudice).

Plaintiff's motion to add a new Defendant is denied on the grounds of unjustified delay. Plaintiff learned in July 2021 that Defendant Marissa Hansen, whom Plaintiff identified as a nurse practitioner in his complaint, was a radiology technician, not a nurse practitioner. [Answer by Defendants Hansen, Tilden, Wexford Health Sources, Inc., d/e 30 ¶ 2.] Plaintiff has been on notice since July 2021 that he sued the wrong "Hansen" and does not identify any efforts he made to discover the right Hansen during discovery. Further, Plaintiff waited until more than three months after his deposition and more than two months after the close of discovery to try to add this new Defendant. Adding a new Defendant now would require starting the litigation process over, unduly prejudicing

Defendants and unduly prolonging this case.  Plaintiff's motion for leave to file an amended complaint is denied.

**IT IS ORDERED:**

**(1)  Defendants' motions for summary judgment on exhaustion are denied. [Docs. 87, 91.]**

**(2)  Dispositive motions on the merits are due September 9, 2022.**

**(3)  Plaintiff's motion for leave to file an amended complaint is denied. [Doc. 123.]**

**(4)  Plaintiff's motion for the Court to try again to search for pro bono counsel is denied.  [Doc. 124.]  The Pro Bono Coordinator has tried to find pro bono counsel but has had no success.**

**(5)  Plaintiff's motion to supplement his response to the motions for summary judgment on exhaustion is moot. [Doc. 127.]**

**(6)  Plaintiff's motion to proceed in forma pauperis is moot because Plaintiff is already proceeding in forma pauperis. [Doc. 125.]**

**(7)  Plaintiff's motion for the Court to order a physical and mental examination of Plaintiff is denied. [Doc. 128.] Federal Rule of Civil Procedure 35 is not a vehicle for obtaining a party's examination of himself. Rule 35 applies when a party seeks an examination of an opposing party. <u>Scott v. Richter</u>, 2016 WL 589872 (E.D. Wis. 2016)("Fed. R. Civ. P. Rule 35(a), however, allows the court to order a plaintiff to submit to an examination at the request of an opposing party.")(citations omitted).**

ENTERED:  7/27/2022

<u>s/Karen L. McNaught</u>
KAREN L. MCNAUGHT
U.S. MAGISTRATE JUDGE